UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsd.uscourts.gov

LUIS DOMINGUEZ,

    Plaintiff,                                                 CASE NO.

vs.

ALAN J. SASSON, ESQUIRE,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

The plaintiff, Luis Dominguez ("Seller" or "Dominguez") sues the defendant, Alan J. Sasson, Esquire ("Escrow Agent" or "Sasson"), and in support of the causes of action alleged, Dominguez states the following:

### PARTIES, JURISDICTION, GOVERNING LAW, AND VENUE

1.    The facts and claims alleged in this action involve an amount in controversy that exceeds $75,000.00 exclusive of attorney's fees, costs, and interest.

2.    Luis Dominguez is a natural person who is a citizen of Florida, and is otherwise *sui juris*.

3.    Alan J. Sasson, Esquire is a natural person who is a citizen of New York State, and is otherwise *sui juris*. Alan J. Sasson is not a citizen of Florida.

4.    Sasson agreed that the contract terms stated in the August 19, 2020, Agreement of Purchase and Sale of Membership Interest ("MIPA") entered into between Dominguez and Atlantic One Properties of Florida, LLC, a Florida limited liability company ("Purchaser"), each agreeing the terms governing the were those stated in the 2nd Reinstatement and Amendment of

Agreement of Purchase and Sale of Membership Interest ("2nd MIPA Reinstatement") dated November 18, 2020:

> Moreover, the Escrow Agent [Sasson] shall deliver to the Seller [Dominguez] a standard escrow confirmation letter confirming the receipt of the Deposit and the Extension Fee, both to be held in accordance with the terms and conditions of the Agreement [2nd Reinstatement and Amendment of Agreement of Purchase and Sale of Membership Interest].

*See* Extension Agreement dated December 16, 2020, appended to this complaint as Exhibit 1 at Exhibit A, 2nd MIPA Reinstatement § 3 (page 2).

5. Under the MIPA, Florida provides the governing law:

> All matters arising out of or relating to this Agreement or the transactions contemplated hereby shall be governed by and construed in accordance with the internal laws of Florida without giving effect to any choice or conflict of law provision or rule (whether of the State of Florida or any other jurisdiction).

Ex. 1 at Exhibit A MIPA § 9.11 (page 21).

6. Under the MIPA, venue is proper in Broward County, Florida.

> Any legal suit, action, or proceeding arising out of or based upon this Agreement or the transactions contemplated hereby shall be instituted in the federal courts of the United States of America or the courts of the State of Florida in each case located in the City of Ft. Lauderdale and Broward county, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.

Ex. 1 at Exhibit A MIPA § 9.12 (page 21).

## GENERAL ALLEGATIONS

7. Seller and Purchaser entered into the MIPA on or about August 19, 2020, under which Purchaser would acquire all Seller's right, title, and interest in and to the membership interest Seller held in a Florida limited liability company called Atlantic Residences, LLC ("Company").

8. The initial deposit required under the MIPA was $500,000, which Purchaser agreed to deposit with Barry D. Lapides, Esq., an attorney with the law firm Berger Singerman, LLP who served as the initial escrow agent. Ex. 1 at Exhibit A MIPA § 2.02(a) (page 2).

9. Purchase delivered to Mr. Lapides the initial deposit.

10. The second deposit under the MIPA was $225,000, which Purchaser agreed to deposit with Francis R. Gil, Esq., who served as the second escrow agent. Ex. 1 at Exhibit A MIPA § 2.02(b) (page 2).

11. Purchaser did not deliver the second deposit required under the MIPA.

12. Purchaser was also unable to perform its other obligations under the MIPA on time, and the parties terminated it.

13. Seller and Purchaser then agreed to reinstate the MIPA under the Reinstatement of and Amendment to Agreement of Purchase and Sale of Membership Interest ("1st MIPA Reinstatement").

14. Under the 1st MIPA Reinstatement, Purchaser agreed to pay Seller $100,000.00 for extending the time to perform under the MIPA.

15. Purchaser did not initially pay the $100,000.00 consideration for the extension under the 1st MIPA Reinstatement. Ex. 1 at Exhibit E 1st MIPA Reinstatement § 1 (page 1).

16. Purchaser was also unable to perform its obligations under the 1st MIPA Reinstatement on time, and the parties agreed to reinstate the MIPA under the 2nd MIPA Reinstatement, extending the time for Purchaser to perform.

17. But under the 2nd MIPA Reinstatement, the new escrow agent was Sasson.

18. Sasson notified Seller that the Escrow Agent was holding $825,000.00 for Purchaser – $725,000.00 for the deposits required and $100,000.00 for the consideration Purchaser

agreed to pay for extending the time to perform under the MIPA and its reinstatements. *See* Escrow Letter from Sasson to Adam Cohen, Esq., dated December 1, 2020, appended to this complaint as Exhibit 2.

19. Purchaser once again failed to perform its obligations under the 2nd MIPA Reinstatement.

20. On or about December 28, 2020, Purchaser and Seller jointly notified Escrow Agent to deliver the $825,000.00 he was holding under the escrow terms stated in the 2nd MIPA Reinstatement and the MIPA:

> Notwithstanding anything in the Agreement to the contrary, each of Seller and the Purchaser do hereby irrevocably authorize, instruct and direct Escrow Agent to promptly disburse, (but in not event less than one (1) day after the receipt of this Joint Escrow Instruction Letter) to the US$825,000.00 in your firm's Attorney IOLTA Trust account to the Seller pursuant to the wiring instructions attached hereto as <u>Exhibit A</u>.

Joint Escrow Instruction Letter to Law Officers of Alan J. Sasson dated December 28, 2020, appended to this complaint as Exhibit 3.

21. All conditions precedent to commencing this action have either been performed, satisfied, or waived.

22. Seller has agreed to pay undersigned counsel its attorney's fees and all costs incurred in connection with this action.

## **COUNT I - BREACH OF ESCROW AGREEMENT**

23. Seller incorporates by reference the facts alleged in paragraphs 1 through 21 as though fully stated in this claim for breach of Escrow Agreement.

24. Under the 2nd MIPA Reinstatement, Escrow Agent agreed to hold in escrow $825,000.00.

25. Escrow Agent agreed that consistent written instruction from Seller and Purchaser triggered his duty to deliver the escrow property per their instructions:

> Upon Escrow Agent's receipt of consistent written instructions from both Seller and Purchaser, or their respective counsel, Escrow Agent will disburse the funds in accordance with such instructions. Such instructions may be given in duplicate counterparts and delivered via electronic mail.

2nd MIPA Reinstatement § 5.

26. Seller and Purchaser delivered consistent written instructions requiring Escrow Agent deliver the $825,000.00 to Seller under the Joint Escrow Instruction Letter.

27. Escrow Agent did not follow the Seller's and Purchaser's consistent instructions under the Joint Escrow Instruction Letter.

28. Escrow Agent breached the Escrow Agreement by failing to comply with Joint Escrow Instruction Letter.

29. Escrow Agent's breach has caused Seller harm.

30. The harm Seller has suffered is compensable in damages in an amount to be determined at trial.

WHEREFORE, the plaintiff, Luis Dominguez demands judgment against the defendant, Alan J. Sasson, Esquire for all damages caused by the breach of escrow agreement, including all incidental damages, consequential damages, attorney's fees, costs, and interest as well as such further relief as the Court deems just, fair, and equitable.

## COUNT II - BREACH OF FIDUCIARY DUTY

31. Seller incorporates by reference the facts alleged in paragraphs 1 through 21 as though fully stated in this claim for breach of Fiduciary Duty.

32. Escrow Agent owed Seller a fiduciary duty by entering into an escrow relationship with Seller and Purchaser.

33. Seller conferred trust and confidence in Escrow Agent, and relied on his representations that he would perform his responsibilities with scrupulous honesty, skill, and diligence.

34. Escrow Agent intentionally disregarded the fiduciary duties he owed to Seller when he ignored the Joint Escrow Instruction Letter from Seller and Purchaser.

35. By ignoring the Joint Escrow Instruction Letter and breaching his fiduciary duties, the Escrow Agent caused Seller harm.

36. The harm Seller has suffered is compensable in damages in an amount to be determined at trial.

37. The harm Escrow Agent caused was due to his (a) fraudulent, malicious, or deliberate conduct, or (b) breach committed with such gross negligence as to indicate a wanton disregard for the rights of others.

WHEREFORE, the plaintiff, Luis Dominguez demands judgment against the defendant, Alan J. Sasson, Esquire for all damages caused by the breach of fiduciary duty, including all incidental damages, consequential damages, punitive damages, and prejudgment interest as well as such further relief as the Court deems just, fair, and equitable.

Dated: January 21, 2021.

          Respectfully submitted,

          BECKER & POLIAKOFF, P.A.
          *Counsel for Plaintiff*
          1 East Broward Blvd., Suite 1800
          Ft. Lauderdale, FL 33301
          Telephone:  954.364.6037
          Facsimile:  954.985.4176
          jpolenberg@beckerlawyers.com

By: */s/ Jon Polenberg*
          Jon Polenberg
          Florida Bar No. 653306